BELKNAP.

---

DURRELL & a. v. EMERY.

64  223
66  292

An action of assumpsit for use and occupation cannot be maintained when there is no contract or promise, express or implied, to pay for the occupation.

ASSUMPSIT, for use and occupation from October 1, 1883, to July 1, 1885. Thomas Durrell devised the premises to the plaintiffs, and died May 9, 1883, at the age of eighty-five years. The plaintiffs introduced evidence tending to show that July 1, 1885, the defendant was, and for a year or two had been, in occupation of the premises, and that on that day they demanded rent, which the defendant refused to pay. The defendant moved for a nonsuit. It appearing that the principal question of fact in dispute was whether G. Burleigh paid to Thomas Durrell, November 7, 1882, $300 for five years' rent in advance, the motion was denied for the purpose of trying that question, and the defendant excepted.

Burleigh owned a building on the land, and for many years paid to Thomas Durrell a monthly ground rent of $1.50 to $4 until 1882, and of $5 during that year until November 7. The defendant introduced evidence tending to show that on that day Burleigh paid to Durrell $300 for the ground rent for five years from that date, and took his receipt for the same. Whether Burleigh paid that sum to Durrell was the only question submitted to the jury, who found for the plaintiffs. Burleigh occupied the premises until the fall of 1883, when the defendant took possession under a contract with Burleigh (the particulars of which did not appear), of whom, April 10, 1884, he bought the building, together with the right to occupy the premises free of ground rent until November 7, 1887. There was no evidence of any contract or of any communication whatever between the plaintiffs and the defendant except as before stated.

*Jewell & Stone,* for the plaintiffs.

*E. A. Hibbard,* for the defendant.

CLARK, J. There being no evidence of any contract, express or implied, between the plaintiffs and the defendant to pay for the occupation of the premises, or that the relation of landlord and tenant ever existed between them, the action cannot be maintained, and the motion for a nonsuit should have been granted.

*Exception sustained.*

CARPENTER, J., did not sit: the others concurred.